UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MR. and MRS. DOE, individually and as parents and next friends of JANE DOE, a minor, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 2:13-cv-407-JDL |
| CAPE ELIZABETH SCHOOL DEPARTMENT, | ) ) ) ) | |
| Defendant | ) | |

*MEMORANDUM DECISION ON MOTION TO PERMIT SUBMISSION OF ADDITIONAL EVIDENCE*

The plaintiffs in this case seeking review of a hearing officer's decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1415(i)(2), ask for leave to add two affidavits to the administrative record. Plaintiff[]s['] Motion to Permit Presentation of Additional Evidence ("Motion") (ECF No. 11). The defendant opposes the motion in part. For the reasons herein, I grant the motion as to the first affidavit, excepting paragraphs 7-15, and deny is as to the second.

I. **Applicable Legal Standard**

The action is brought pursuant to 20 U.S.C. § 1415, which provides, in relevant part, that a party aggrieved by the decision of a hearing officer with respect to the free public education provided to a disabled child may bring an action in federal court in which the court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). The First Circuit has interpreted this statutory language to require a reviewing court to grant a party leave to present

1

additional evidence only when that party presents "solid justification" for such supplementation of the record. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990). The plaintiffs rely on language from an early First Circuit construction of the statute, *Town of Burlington v. Department of Educ.*, 736 F.2d 773 (1st Cir. 1984), in which one of four listed possible reasons for allowing supplementation of the administrative record is "evidence concerning relevant events occurring subsequent to the administrative hearing," *id*. at 790.

As the First Circuit has clarified, a party has no absolute right to adduce additional evidence upon request:

> As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Roland M.*, 910 F.2d at 996 (citation and internal punctuation omitted).

To the extent that "[t]he evidence the [plaintiffs] now propose to adduce sheds light on the manner in which specialized services actually have been provided to [the minor plaintiff], including the IEP [Individualized Education Program] developed for [her]," it "would be relevant, non-cumulative and helpful were the court to reach the question whether the [minor plaintiff's] placement . . . was appropriate." *C.G. and B.S. v. Five Town Community Sch. Dist.*, 436 F.Supp.2d 181, 186 (D. Me. 2006). Similarly, proposed evidence that sheds light on the appropriateness of the IEP properly at issue in light of the severity of the minor plaintiff's disabilities may also be added to the record. *Id.* It must also be borne in mind that "an administrative hearing witness is

2

rebuttably presumed to be foreclosed from testifying" before this court. *Town of Burlington*, 736 F.2d at 791. Such witnesses should be allowed to testify only about post-hearing events and only if their testimony is both relevant and not cumulative. *See Mr. and Mrs. I. v. MSAD No. 55*, No. Civ.04-165-P-H, 2004 WL 2397402 (D. Me. Oct. 27, 2004), at *2.

## II. Discussion

The plaintiffs seek to add to the record the affidavits of Mrs. Doe, one of the plaintiffs, and Victoria Papageorge. Mrs. Doe's sworn declaration has 27 numbered paragraphs. Declaration of Mrs. Doe ("Doe Decl.") (ECF No. 12). Ms. Papageorge's sworn declaration has seven numbered paragraphs. Declaration of Victoria Papageorge ("Papageorge Decl.") (ECF No. 13).

### A. The Doe Declaration

The defendant does not object to the addition to the record of paragraphs 16-17, 20, 22-23, and 26 of Mrs. Doe's declaration. Defendant Cape Elizabeth's Partial Opposition to Plaintiff's Motion to Permit Presentation of Additional Evidence ("Opposition") (ECF No. 14) at 6-7. The motion to add information to the record is accordingly granted as to those paragraphs.

#### 1. Paragraphs 1-6

The defendant objects to paragraphs 1-6 of Mrs. Doe's declaration as duplicative of "information that was addressed by Mrs. Doe at the due process hearing and is simply a duplication or embellishment of what she has already addressed." Opposition at 4. It does not explain this objection further.

The plaintiffs respond that the first three paragraphs of Mrs. Doe's declaration "are all required components of a request to introduce additional evidence," specifically identifying the declarant, stating that she had testified at the hearing, and acknowledging that her statements are made under penalty of perjury, Reply Memorandum in Support of Plaintiff's Motion to Permit Presentation of

3

Additional Evidence ("Reply") (ECF No. 15) at 3, and I agree. If any portion of Mrs. Doe's declaration is to be admitted, these paragraphs merely provide necessary background and should be admitted as such.

The plaintiffs also demonstrate that paragraphs 4 through 6 of the declaration present evidence that concerns the period of time after the close of the administrative hearing, *id*., making it both relevant and noncumulative. These paragraphs will be added to the record.

### 2. Paragraphs 7 – 15

The defendant contends that these paragraphs "address an apparent complaint . . . regarding whether Cape Elizabeth has been properly implementing a number of accommodations set forth in [the student's] IEP[.]" *Id*. at 5. Such a concern would not be relevant to this proceeding, which deals with the legal sufficiency of the IEP and the process leading up to it. The plaintiffs do not respond to this objection. *See generally* Reply.

I agree with the defendant's characterization of these paragraphs of the Doe Declaration. This makes it unnecessary to consider the defendant's additional objections to these paragraphs: that the plaintiffs have failed to exhaust available administrative remedies for these issues and that paragraphs 10 to 13 have "a number of hearsay problems." Opposition at 5-6.[1]

### 3. Paragraphs 18 -19

The defendant objects to all of Paragraph 19 and the second and sixth sentences of Paragraph 18 because they are hearsay. Opposition at 6. It concedes that "hearsay evidence may be presented at the due process hearing[,]" but contends, without citation to authority, that it should

---

[1] The defendant asks, "[s]hould the Court choose to admit the hearsay statements by persons other than Mrs. Doe through Mrs. Doe's testimony or Declaration," that it be allowed to depose Mrs. Doe and to present contrary evidence "by the various teachers she now references." Opposition at 6 n.2. With the submission by the plaintiffs of the student's declaration, ECF No. 15-1, there is no hearsay issue. If the defendant wished to present contrary evidence, it should have submitted that evidence with its opposition.

4

be excluded from this appeal because "there is not statute or rule permitting hearsay in IDEA appeals." *Id*. at 5-6.

In an excess of caution, the plaintiffs have submitted with their reply a declaration of the student herself, rendering moot any hearsay objection based on her mother's repetition of what the student said. Declaration of Jane Doe ("Jane Decl.") (ECF No. 15-1). A comparison of that document with paragraphs 18 and 19 of Mrs. Doe's declaration demonstrates that it addresses all of the statements that could reasonably be characterized as statements originally made by Jane Doe. *See id*. ¶¶ 11, 12.

### 4. Paragraph 21

The defendant objects to this paragraph as "almost exclusively hearsay evidence" with "no indication of the source of the information[.]" Opposition at 6. The source of this information is the student herself, as is made apparent by her declaration. *See id*. ¶13.

### 5. Paragraph 24

The defendant objects to this paragraph as hearsay "regarding actions that have taken place in school without Mrs. Doe present." Opposition at 6. The last sentence of this paragraph has nothing to do with events that took place in school, but rather states the parent's opinion. The other sentences are supported by paragraph 14 of the student's declaration.

### 6. Paragraph 25

The defendant argues that this paragraph must be excluded because "it addresses grading standards on unspecified exams and papers by unspecified teachers without providing any context for the grades provided[,]" and because it presents only irrelevant information. Opposition at 6-7. The plaintiffs respond that their appeal is not concerned with the student's grades, nor with spelling

5

as a particular skill for which the IDEA provides eligibility for accommodation. Reply at 4-5. They contend that this evidence is "highly relevant to the Court's determination of whether Defendant erred in terminating [the student's] eligibility for specialized instruction designed to remediate the orthographic deficits that so far have prevented her from becoming a fluent reader." *Id*. at 5.

The information in this paragraph is relevant in the manner that the plaintiffs suggest. I do not see how or why it could not have been offered at the hearing, but the defendant makes no argument concerning timeliness. The defendant requests to add the student's "entire grade report for the school year" to the record, if this paragraph is allowed to stand. Opposition at 7 n.3. Because the grades themselves are not the subject of the appeal, that information would add little of value to the record, and the request is denied.

### 7. Paragraph 27

The defendant objects to this paragraph because it "is selective" in reporting on the student's performance during the 2013-2014 school year and "fails to include her very strong performance in every high school course that she has taken this school year[.]" *Id*. at 7. The plaintiffs respond that the information is provided to show that the student has not met the standard set for her reading proficiency. Reply at 6.

This information appears to meet the standard of *Five Town Community* in that it sheds light on the appropriateness of the IEP properly at issue in light of the severity of the student's disabilities. 436 F.Supp.2d at 186. The defendant's request to introduce the student's report card "[i]f the Court permits Mrs. Doe's declaration on this point," Opposition at 7, is denied.

## B. The Papageorge Declaration

The defendant objects to any consideration of the declaration of Victoria Papageorge, who testified at the due process hearing, asserting that the plaintiffs now "seek[] to submit yet another evaluation undertaken by Mrs. Papageorge and also to provide embellishment on certain issues she already addressed at the due process hearing." Opposition at 7. The objection in this instance presents a closer question than did any of the defendant's objections to Mrs. Doe's declaration.

The plaintiffs respond that the information in Ms. Papageorge's declaration "bear[s] directly on the question the Court must address: whether [the student] needs specially designed instruction to address her reading fluency deficits." Reply at 6. It is beyond question that a court "should have access to all the relevant evidence that bears on the issue" before it. *Id*. However, that argument, standing alone, would leave the IDEA process with no end; parties could always create new "relevant" evidence.

The pending motion does not differ significantly from that presented by the parents in an earlier IDEA appeal involving Ms. Papageorge and the law firms involved in this case. There, as here, Ms. Papageorge had testified at the administrative hearing, *JB & AB v. Wells-Ogunquit Cmty. Sch. Dist.*, No. 2:13-cv-11-DBH, 2013 WL 3816639, at *2; her proposed affidavit addressed test results and opinions about which she testified at the hearing, *id*.;[2] the testing described in the affidavit took place after the administrative proceedings but involved the same or similar tests and the same or similar results, *id*.;[3] and the plaintiffs proffer her testimony to "illuminate[] the issue of her underlying disability and [to] demonstrate[] her need for continued specially designed

---

[2] *Compare* Programming and Progress Summary, Exh. A to Papageorge Decl. ("Summary") (ECF No. 13-1, *with* Administrative Record, Volume 10, at 2006-29 (testimony of Ms. Papageorge).
[3] *Compare*, e.g., Summary at [6]-[7], *with* Administrative Record, Volume 6, at 1188-1204, 1211.

instruction." Reply at 7. As was the case in *AB*, the proposed testimony thus "would add little to the evidence that the court will consider in addressing this appeal." *AB*, 2013 WL 3816639, at *2.

The only substantive difference between Ms. Papageorge's proposed additional testimony in *AB* and that proposed here is her "clarification" of her hearing testimony about the student's GORT scores. Papageorge Decl. ¶ 7. The plaintiffs do not explain why this clarification is necessary, Reply at 7, and the defendant argues persuasively that the issue was discussed "in some detail" at the hearing. Opposition at 9. I see no reason, given the information presented here, why the plaintiffs cannot discuss this issue in their memorandum of law on the merits should they believe it necessary to do so, without Ms. Papageorge's clarification.

The motion to supplement the administrative record with the declaration of Ms. Papageorge and its attached documents is denied.

### III. Conclusion

For the foregoing reasons, the plaintiffs' motion for leave to permit presentation of additional evidence is **GRANTED** as to the declaration of Mrs. Doe, with the exception of paragraphs 7-15, and otherwise **DENIED**.

#### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 30th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge